IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD J. RUCKER JR., | |
| Plaintiff, | No. 2:09-cv-01673 JAM KJN |
| vs. | |
| SACRAMENTO COUNTY CHILD PROTECTIVE SERVICES, SACRAMENTO COUNTY HEALTH AND HUMAN SERVICES, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |
| _____/ | |

Presently before this court is a motion by defendant County of Sacramento, sued herein as Sacramento County Child Protective Services and Sacramento County Health and Human Services ("County" or "defendant"), to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff is proceeding without counsel. The court held proceedings on this motion before Magistrate Judge Gregory G. Hollows on his law and motion calendar of December 17, 2009.[1] The court

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned to the this judge by an order entered February 9, 2010 (Dkt. No. 16.) The undersigned subsequently listened to a

considered the merits of defendant's motion and whether an evidentiary hearing was necessary on the issue of equitable tolling of the statute of limitations. (Dkt. No. 13.) Following that hearing, Judge Hollows ordered the plaintiff to submit "any additional correspondence he has between himself and either the California Department of Fair Employment and Housing or the Equal Employment Opportunity Commission." (Id.) In response, plaintiff submitted a lengthy declaration and points and authorities on December 24, 2009. (Dkt. No. 14.) The undersigned has considered the parties' briefs, arguments, and the record in this case and, for the reasons stated below, recommends that the County's motion to dismiss be granted.

I.  Background

Plaintiff seeks relief for alleged employment discrimination against his former employer, the defendant County of Sacramento's Child Protective Services division ("CPS"). This action is proceeding on a complaint filed June 17, 2009. Plaintiff generally alleges disability discrimination, violations of the Americans with Disabilities Act ("ADA"), and tortious discharge in violation of state law.

   a.  Factual Background

Plaintiff alleges that he suffers from organic brain syndrome. He was a probationary employee with CPS from June 7, 2005, until June 15, 2006. The complaint alleges that plaintiff previously had arrangements for informal accommodations due to his disability, but that a new supervisor, Mary Ingram, refused to accommodate him beginning in January 2006. The accommodations to which he refers include a laptop computer, a part-time schedule, or reassignment to a different position. (Dkt. No. 1 at 3-4.) Furthermore, he claims that Ingram's behavior toward plaintiff was unfair, exacerbated his condition, causing stress, depression and physical symptoms. As a result, plaintiff claims he took a medical leave of absence around April 7, 2006, and he was terminated around June 16, 2006. (Id. at 2.)

---

recording of the December 17, 2010 hearing.

b.  Procedural Background

Plaintiff filed a California Department of Fair Employment and Housing ("DFEH") and Equal Employment Opportunity Commission ("EEOC") complaint of discrimination on April 27, 2006.  (Dkt. No. 14, Ex. 2.)  The April 27, 2006 complaint described plaintiff's employment with defendant and alleged that plaintiff was denied an accommodation for his disability and refused a transfer.  Plaintiff next filed a second complaint of discrimination with DFEH on July 19, 2006, which he styled as an amended complaint.  (Dkt. No. 9, Ex. 1).  On this amended complaint, the box at the bottom of the form which states "I also want this charge filed with the Federal Equal Opportunity Commission (EEOC)" was not checked, in contrast to the first version of his discrimination complaint.  (Compare Dkt. No. 14, Ex. 2 with Dkt. No. 9, Ex. 1.)  In this July 19, 2006 amended complaint, plaintiff alleged denial of a reasonable accommodation, failure to reassign and termination of employment.  (Id.)

On March 2, 2007, DFEH sent plaintiff its decision which stated: "As discussed in detail with you numerous times, the investigation did not reveal sufficient evidence or information to establish that a violation of the FEHA occurred."  (Dkt. No. 14, Ex. 1.)  DFEH's letter stated that plaintiff would have fourteen days from the date of that letter to provide any new relevant information that plaintiff wanted DFEH to consider.  (Id.)  It also notified plaintiff that he could request, within fifteen days, that the EEOC perform a substantial weight review of DFEH's findings.  (Id.)

On March 12, 2007, plaintiff sent a 24-page document to the EEOC explaining his position and alleged failings of DFEH's decision.  (Dkt. No. 14 at 2.)  On March 29, 2007, plaintiff sent a letter to DFEH explaining that he left out additional allegations from his initial complaint, namely wrongful termination, retaliation and disparate treatment.  (Dkt. No. 14 at 34.)  In that document, plaintiff failed to mention his amended or second filed complaint of July 19,

////

////

1  2006, wherein he raises these additional issues, most notably his termination.[2]

2  Significantly, on May 25, 2007, the EEOC sent plaintiff a right-to-sue letter, informing plaintiff that it adopted the findings of DFEH, which denied his claim, and that plaintiff may file a lawsuit in federal or state court. (Dkt. No. 9, Ex. 3.) It further explicitly instructed plaintiff that his lawsuit "**must be filed WITHIN 90 DAYS of your receipt of this Notice** or your right to sue will be lost" (Id. emphasis in original)  The EEOC also notified plaintiff that this notice would be the only notice of dismissal and of plaintiff's right-to-sue that it would send. (Id.)

On May 28, 2008, a full year after receiving the EEOC's right-to-sue letter, plaintiff filed a third complaint with the DFEH regarding his former employment with defendant. (Dkt. No. 9, Ex. 2).  Again, the box was unchecked at the bottom of the complaint which, if checked, would have led to the dual filing of his complaint with the EEOC. (Id.)  Plaintiff, however, alleges in opposition to the motion to dismiss, that the "DFEH assured plaintiff they would forward his May 28, 2008 amended complaint to the other agency (EEOC), pursuant to the work sharing agreement between the two governmental agencies." (Dkt. No. 8 at 8.)  The factual allegations contained in this May 2008 complaint are limited to a failure to accommodate plaintiff's disability and do not reference any termination or failure to reassign. (Dkt. No. 9, Ex. 2.)

On June 18, 2008, DFEH sent plaintiff a right-to-sue notice. (Id., Ex. 5.)  That notice stated that plaintiff had the right to sue under the California Government Code and that he

---

[2] In this March 29, 2007 letter, plaintiff states that in January 2007 he faxed DFEH with a request to add these new allegations to his complaint. (Id.)  The January 2007 letter plaintiff references is contained as an exhibit to the complaint. (Dkt. No. 1 at 18.)  That letter states that plaintiff's "claim or issue is not just alleging the department failed to reassign a probationary employee.  I am alleging the department failed to continue to accommodate me as my previous supervisor (Veronda Moore).  I am also alleging the department (Mary Ingram) failed to interact with me in good faith, while seeking a reasonable accommodation . . . ."  Despite the claims in plaintiff's January 2007 letter, the failure to accommodate, however, was clearly addressed in both the plaintiff's first and amended (or second) discrimination complaint.

had one year from the date of that letter to bring a civil action. (Id.) It is unclear from the record whether this notice related to the first, second or third discrimination complaint filed with DFEH.[3] Plaintiff also filed a complaint with the County of Sacramento Civil Service Commission which was set for argument on December 19, 2008. (Dkt. No. 14 at 49.)

Plaintiff filed a civil complaint requesting monetary damages in this federal court on June 17, 2009. (Dkt. No. 1.) The court held oral argument on the instant motion to dismiss on December 17, 2009. Following oral argument, the court issued an order which provided plaintiff with additional time in which to file any additional correspondence between himself and either DFEH or the EEOC. (Dkt. No. 13.) In response, plaintiff filed a declaration, points and authorities and supporting exhibits. (Dkt. No. 14.) This action was reassigned to the undersigned by Order of Reassignment dated February 9, 2010. (Dkt. No. 16.) In response, plaintiff filed a document expressing concern that he would need to reargue his opposition and resubmit supporting documents.[4] (Dkt. No. 17.)

II. Legal Standards for Motion to Dismiss

a. Motion to Dismiss Pursuant to Rule 12(b)(6)

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle plaintiff to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256 (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

---

[3] The court notes that the reference numbers contained in the DFEH's March 2, 2007 denial and the June 28, 2008 notice of case closure are different. (Compare Dkt. No. 14, Ex. 1 (referencing number E-200506-E-1495-00-pe) with Dkt. No. 1, Ex. A (listing number E200708E1699-00-p).

[4] The court understands plaintiff's concerns. However, the undersigned judge has access to and has fully examined all of the documents filed in this action as well as a recording of the December 17, 2009 oral argument. The court is fully apprised of the issues before it and no resubmission or reargument is necessary.

theories. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. Church of Scientology of California v. Flynn, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. NOW, 510 U.S. at 256 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

The court may disregard allegations contradicted by the complaint's attached exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticeable facts. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991). The court need not accept unreasonable inferences, or unwarranted deductions of fact. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

b. Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction. The United States Constitution Article III section 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain

and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by the U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992). Because federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 376-78 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).

Second, if the motion makes a "factual attack" on subject matter jurisdiction,

often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. The court may consider evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

III. Discussion

    a. Subject Matter Jurisdiction

Defendant first argues that the complaint should be dismissed because it pleads only state law claims. This contention is without merit.

Pro se pleadings are liberally construed. Haines, 404 U.S. at 520-21 (1972). It is undisputed that the second cause of action in the complaint pleads only state law violations: "tortious discharge in violation of public policy." (Dkt. No. 1 at 10.) The first cause of action is for disability discrimination and alleges violations of state laws. (Id. at 9.) However, the first cause of action also states that it is for "disability discrimination in violation of federal statutes for Title I, VII of the Americans with Disabilities Act (ADA)," and the "Equal Employment Opportunity Commission (EEOC) regulations for Title 1." (Dkt. No. 1 at 6.) The complaint also alleges that "plaintiff was terminated because of his disability, and because he filed an ADA accommodation request and consulted with his union representative, regarding possible accommodation rights." (Id. at 9.) Furthermore, plaintiff references the ADA frequently throughout his complaint. (See, e.g., Complaint at 1 (alleging federal question jurisdiction and stating that plaintiff's complaint "embraces EEOC and ADA Compliance guidelines")). Clearly, plaintiff intends to allege an ADA claim. Defendants point out that plaintiff also appears to allege under the same cause of action a state law violation and has attached a right to sue notice

from the DFEH. It would appear, then, that plaintiff seeks to include two separate causes of action within his first cause of action. Even if lacking in precision, it is clear that the complaint seeks to plead a federal claim. Therefore, defendant's motion is denied on this ground.

b.  Statute of Limitations: Federal Claims

Defendant asserts that should the court interpret the complaint to include causes of action under the ADA and Title VII of the Civil Rights Act, plaintiff has not administratively exhausted those claims. With his opposition, plaintiff for the first time attached a right to sue letter from the EEOC, dated May 25, 2007. (Dkt. 9, Ex. 3.)  In its reply, defendant contends that any federal claims are time barred.

To establish federal subject matter jurisdiction, plaintiff is required to exhaust his EEOC administrative remedies before seeking federal adjudication of any Title VII claims and claims brought pursuant to Title I of the ADA. Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990) (Title VII); Dao v. Auchan Hypermarket, 96 F.3d 787, 788 (5th Cir. 1996) (Title I of ADA); Stewart v. Brown, 86 F.3d 107, 110 (7th Cir. 1996) (Title I of ADA); Alberti v. City & County of San Francisco Sheriff's Dept., 32 F.Supp.2d 1164, 1174 (N.D. Cal. 1998), overruled on other grounds by Zimmerman v. Oregon Dept. of Justice, 170 F.3d 1169 (9th Cir. 1999).

A plaintiff filing a complaint under Title VII or Title I of the ADA has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter. See 42 U.S.C. § 2000e-16(c) ("Within 90 days of receipt of notice of final action taken by . . . the [EEOC] . . . if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, [an employee] may file a civil action . . . ."); 42 U.S.C. § 2000e-5(f)(1) (requiring the filing of a civil action within 90 days of receiving a right to sue notice); 42 U.S.C. § 12117(a) (incorporating Title VII's enforcement procedures into the ADA). In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged violation. See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1107 (9th Cir. 1998). This requirement effectively serves as a statute of limitations for the filing of Title VII

claims. See Draper, 147 F.3d at 1107.

Unless equitable tolling applies, plaintiff's EEOC right-to-sue letter establishes that the plaintiff's federal claims are time barred. The EEOC's right-to-sue letter is dated May 25, 2007. Therefore, plaintiff had until August 24, 2007,[5] to file his complaint. However, plaintiff did not file this action until June 17, 2009.

At the December 17, 2009 hearing, plaintiff conceded that his action was time barred based solely on the May 25, 2007 right-to-sue letter. He contended, however, that certain acts of DFEH and/or the EEOC provide him with grounds to equitably toll the statute of limitations. Plaintiff also requested an evidentiary hearing on this issue.[6] Judge Hollows noted that agency misadvice is generally insufficient to support equitable tolling but stated that he would consider additional written documentation from plaintiff before issuing a ruling on the motion to dismiss.

Following the December 17, 2009 hearing, the plaintiff filed additional documents in support of his contention that he is entitled to equitable tolling. (Dkt. No. 14.) He contended that he was told that "he had to file a new complaint with the charges the DFEH/EEOC omitted out of its July 2006 complaint and investigation." (Dkt. No. 3.) He specifically states that he was told by the "EEOC representative that he had to lodge a new complaint with Wrongful termination, Retaliation and Disparity of Treatment, etc. . . . considering his case was no longer open in May 2008." (Dkt. No. 14 at 2.) Most significantly, plaintiff has not provided any

---

[5] Defendant calculates the 90 days as running one day later until August 25, 2007. (Dkt. No. 10 at 4.) However, since plaintiff's filing of this lawsuit did not occur until nearly two years later, the court need not reach this issue.

[6] At the hearing on this motion, the court discussed the possibility of granting plaintiff an evidentiary hearing. However, because plaintiff's factual allegations, even if taken as true, would not entitle him to relief from the statute of limitations, no evidentiary hearing is necessary. Cf. Irwin v. Veterans Admin., 489 U.S. 89, 458 (1990) (refusing to remand where there was no basis in the record for application of the doctrine of equitable tolling); Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 955 n.1 (9th Cir. 2004) (noting that the court's review for failure to state a claim is generally limited to the contents of the complaint).

1   correspondence or even set forth any alleged conversations in his declaration establishing that
2   there were any representations made to him by DFEH or EEOC within the 90 days after issuance
3   of the May 25, 2007 right-to-sue letter.  In fact, the first correspondence that plaintiff has
4   provided from after that date is a September 27, 2007 letter relating to union grievances (see Dkt.
5   No. 14, pp.39-52), and a letter plaintiff wrote to DFEH on May 28, 2008 (see Dkt. No. 9, exs. 2
6   & 5.)

7           The doctrine of equitable tolling in available only in extreme cases.  Scholar v.
8   Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992); Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002)
9   ("Equitable tolling is unavailable in most cases.").  In Scholar, Ninth Circuit discussed the
10  application of the equitable tolling doctrine by the Supreme Court, and cited several examples of
11  the Supreme Court's allowance of equitable tolling of the statute of limitations.  Id.  The Ninth
12  Circuit noted that when the statute of limitations was not complied with because of, for example,
13  defective pleadings, when a claimant was tricked by an adversary into letting a deadline lapse or
14  when the EEOC's notice of the statutory period was clearly inadequate, the Supreme Court has
15  made use of the equitable tolling doctrine.  However, when a party fails to act diligently, it
16  "cannot invoke equitable principles to excuse that lack of diligence."  Baldwin County Welcome
17  Ctr. v. Brown, 466 U.S. 147, 151 (1984); Scholar v. Pac. Bell, 963 F.2d 264, 267-68 (9th Cir.
18  1992) (claimant who fails to exercise due diligence in preserving legal rights is not entitled to
19  equitable tolling); see also Irwin v. Dept. of Veterans Admin., 498 U.S. 89, 96 (1990) (equitable
20  tolling does not extend to what is at best a garden variety claim of excusable neglect).

21          Plaintiff is not entitled to equitable tolling for numerous reasons.  First, plaintiff
22  received clear and explicit instruction that his time for filing a federal lawsuit was running
23  commencing May 25, 2007.  It is undisputed that the EEOC informed plaintiff that his lawsuit
24  "**must be filed WITHIN 90 DAYS of your receipt of this Notice** or your right to sue will be
25  lost" (Dkt. No. 9, Ex. 3, emphasis in original)  The EEOC clearly notified plaintiff that this
26  notice would be the only notice of dismissal and of plaintiff's right-to-sue that it would send.

1  (Id.)

2         Second, plaintiff has not alleged or shown that he was tricked or misled into missing the filing deadline or that he exercised diligence in preserving his legal rights, even if, as he alleges, the right to sue letter only covered a partial investigation of his claims. Any reliance on a statement made by DFEH that it would file plaintiff's third complaint with the EEOC is irrelevant in light of the EEOC's right-to-sue letter's express 90-day filing deadline for his first and second complaint. Plaintiff contends that he received what amounts to incomplete advice about how to proceed with claims that he belatedly sought to add to his initial EEOC filing. This contention does not warrant equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (to be entitled to equitable tolling the party must establish (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing); Miranda v. Castro, 292 F. 3d 1063, 1066-67 (9th Cir. 2002) (mere negligent advice about the statute of limitations will not support a claim of equitable tolling); see also Mahroom v. Defense Language Institute, 732 F.2d 1439, 1440-41 (9th Cir. 1984) (finding a second right-to-sue letter without effect, and that it "should not require a different result in absence of any indication that the Commission intended to withdraw its earlier decision and revoke its first right-to-sue letter).

         Third, the May 2008 filing that plaintiff avers should have been filed with the EEOC per DFEH, does not add any additional allegations. Whether or not it was sent to the EEOC is irrelevant. It is a virtual substantive duplicate of the first complaint, for which the statute of limitations ran on August 24, 2007. It alleges only failure to make accommodations for plaintiff's disability. Plaintiff cannot simply refile a nearly identical employment discrimination complaint to attempt to revive his stale right-to-sue.

         More specifically, plaintiff contends that the Ninth Circuit's reasoning in Salgado v. Atlantic Richfield Co., 823 F.2d 1322 (9th Cir. 1987), requires equitable tolling in this case. In Salgado, the Court found equitable tolling appropriate because the state agency stated that it

was deferring the investigation of the complaint to the EEOC and it forwarded the complaint to the EEOC. There, the employee was notified that he had to await the outcome of the EEOC's processing to benefit from the results of any investigation. Id. at 1326. There is no evidence of any such co-extensive relationship here that would lead plaintiff to conclude that the 90-day statute of limitations would not bar his federal claim. Moreover, in Salgado, the court found that a FEHA claim may, under certain circumstances, be tolled during the pendency of an EEOC investigation. The EEOC deadline and not the FEHA deadline is at issue here because plaintiff is seeking to toll his federal claims.

Finally, plaintiff asserts that his second claim with the EEOC,[7] brought on the same grounds as his first claim, entitles him to equitable tolling because he did not receive a second right-to-sue letter. This contention fails on numerous grounds.

First, an EEOC charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency). See 42 U.S.C. S 2000e-1. The second filing of an EEOC charge does not change the acts which are the subject of this litigation, which took place in January 2006, the pertinent date at issue. Plaintiff waited 878 days to file the second (or third) charge of discrimination with the DFEH, which he says in turn told him they would also file it with the EEOC. Assuming, arguendo, the DFEH erred and that this 2008 charge of discrimination should have been simultaneously filed with the EEOC on May 27, 2008, this claim is still time barred. This claim was allegedly to be filed with the EEOC approximately 578 days past the 300 day deadline. A plaintiff cannot skirt the statute of limitations by filing and refiling his complaint of employment discrimination, seeking to renew the time for its expiration with each attempt.

Second, as pointed out by defendant, "where, as here, a right to sue letter has issued, a suit has been instituted and the EEOC has closed its file, there is no longer a charge

---

[7] From the record before the court, it appears that this was actually plaintiff's third filing with the DFEH.

pending before the EEOC which is capable of being amended." Balazs v. Liebenthal, 32 F.3d 151, 157 (4th Cir. 1994). Plaintiff's cause of action is foreclosed because he did not file his federal civil action in a timely fashion in accordance with the statutory requirements.

In sum, all of plaintiff's contentions are without merit. Plaintiff's attempt to use the doctrine of equitable tolling to extend the numerous time frames for filing his federal claim are in essence nothing more than a request to extend the time frames because he believes he has a general right to prosecute a civil action. But that right is not without limitation. Were the court to extend the statute of limitations in cases such as this one under the guise of equitable tolling, the statutory time periods for exhausting administrative remedies and prosecuting subsequent civil actions would be rendered meaningless. Plaintiff (1) missed the 90 day timeframe for filing a civil action after receipt of his EEOC right-to-sue letter by over two years; (2) did not file this action within 300 days of the last discriminatory act; and (3) added no new facts or legal theories in his third administrative complaint which thereby did nothing to revive the expired limitations period. Any alleged statements by the DFEH about dual filing the third complaint with the EEOC are irrelevant. After multiple opportunities to do so, plaintiff has not proffered or even suggested facts which would merit further examination of the timeliness of his claims, whether via an evidentiary hearing or otherwise. Plaintiff's federal claims are, quite simply, time barred.

c.  State Law Claims

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiff's possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"), quoting Carnegie-Mellon

University. v. Cohill, 484 U.S. 343, 350 n.7 (1988).[8]

IV.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that defendant's October 19, 2009 motion to dismiss be granted on the grounds that plaintiff's federal claims are time barred, that this action be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and that the court decline to exercise jurisdiction over plaintiff's state law claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  June 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[8] At the conclusion of plaintiff's filing entitled "rebuttal points and authorities in opposition to defendant's reply motion to dismiss," he requests, without support, sanctions against defendant for refusing stipulations, insisting on going to court "to argue over issues," and for filing a "frivolous" motion to dismiss. (Dkt. No. 11 at 4-6.)  These contentions appear without merit and are not sought in a manner consistent with the procedural requirements of the Local Rules or Federal Rules of Civil Procedure.  "Pro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).